**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 01 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DAVID TYLER HILL,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>BRENT REINKE; SHANE EVANS;<br>JANE DOES, 1-2; RANDY BLADES,<br>Warden; VICKI HANSEN; SHANNON<br>BLACKBURN; RICHARD CRAIG;<br>CLAUDIA LAKE,<br><br>        Defendants-Appellees. | No.   15-35061<br><br>DC No. CV 13-38 BLW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted April 10, 2018
Seattle, Washington

Before:    TASHIMA and GRABER, Circuit Judges, and MIHM,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Michael M. Mihm, United States District Judge for the Central District of Illinois, sitting by designation.

Plaintiff-appellant David Tyler Hill, an Idaho state prisoner, appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action against defendants Brent Reinke, Randy Blades, and Richard Craig, officials of the Idaho Department of Correction ("IDOC Defendants"). Hill alleges that the IDOC Defendants violated his due process rights under the Fourteenth Amendment by moving him to the Secure Mental Health Unit ("MHU") without a pre-transfer hearing.

1.     Hill has not demonstrated that his transfer to the MHU imposed "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). The MHU is within an IDOC unit, Hill was transferred there only temporarily, and the transfer did not affect his sentence.

For the same reasons, *Vitek v. Jones*, 445 U.S. 480 (1980), does not control this case. The plaintiff in *Vitek* was transferred indefinitely to a hospital outside the corrections system. *Id.* at 483–84. By contrast, Hill was transferred temporarily to the MHU, an IDOC facility, for the purpose of evaluation. *See United States v. Jones*, 811 F.2d 444, 448 (8th Cir. 1987). Thus Hill lacked a liberty interest in his transfer to the MHU, and the IDOC Defendants were not required to provide him a hearing.

At a minimum, the IDOC Defendants are entitled to qualified immunity because Hill did not possess a clearly established right to a hearing at the time of his transfer. *See Chappell v. Mandeville*, 706 F.3d 1052, 1064–65 (9th Cir. 2013).

**2.** Hill's claims for injunctive relief would fail even if he had a liberty interest. It is only speculative that IDOC will transfer Hill to the MHU during his remaining year-plus of confinement. *See Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) ("To have standing to assert a claim for prospective injunctive relief, a plaintiff must demonstrate 'that he is realistically threatened by a repetition of [the violation].'" (alteration in original) (quoting *City of L. A. v. Lyons*, 461 U.S. 95, 109 (1983))).

· ● ·

The judgment of the district court is **AFFIRMED**.